ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LARRY SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 05-2105-JAR** |
| **CENTURY CONCRETE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 30, 2006, the Court granted plaintiff's Motion for Attorney's Fees and Costs (Doc. 61). In that Order, the Court directed plaintiff to supplement his request with adequate records necessary to determine the reasonable attorney's fees and expenses associated with bringing this action. Plaintiff has since filed a Memorandum in Support of his Motion for Attorney's Fees and Costs (Doc. 65), and defendant has responded (Doc. 70). For the reasons stated below, the Court finds that plaintiff is entitled to reasonable attorney's fees in the amount of $25,424.00.

### I.     Background

Plaintiff filed this action under Title VII against his former employer bringing claims of hostile work environment, retaliation, and disparate treatment. After the Court granted summary judgment on plaintiff's retaliation and disparate treatment claims (Doc. 29), the parties proceeded to trial on plaintiff's hostile work environment claim. On April 11, 2007, the jury returned a judgment in favor of plaintiff and assessed $6000 in compensatory damages and

$25,000 in punitive damages (Doc. 58).[1] On May 30, 2006, the Court granted plaintiff's motion for attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k) (Doc. 64). The Court further ordered plaintiff to provide adequate records necessary to determine the reasonable attorney's fees and expenses associated with bringing this action. Plaintiff has since submitted an accounting that summarizes his total fees of $59,575.00 and expenses of $656.12, for a total of $60,231.12 (Doc. 65 at 8). Defendant objects to the total calculation for several reasons. First, defendant contends that many entries in plaintiff's fee calculation are duplicative, overstated, or inappropriate. Defendant also takes issue with the hourly rate used to compute the attorney's fee total. Finally, defendant argues that plaintiff has failed to submit supporting documentation for many of the expenses claimed. Each of defendant's arguments are discussed below in turn.

## II.  Legal Standard

Once a party has established its entitlement to fees, the court must determine what fee is reasonable. In determining reasonable attorney's fees, the court arrives at a lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate.[2] The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[3] Once an applicant has met this burden, the lodestar figure is presumed to be a reasonable fee.[4]

---

[1] The Court notes that defendant has filed a notice of appeal as to this Judgment (Doc. 66), but this Court retains jurisdiction to decide the issue of fees. *See Bell v. Bd. of County Comm'rs*, 451 F.3d 1097, 1101 n.2 (10th Cir. 2006) ("If fees are sought in the district court on the basis of a judgment that has been appealed, the court of appeals and district court each have jurisdiction over the distinct matters before them.").

[2] *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[3] *See Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249–50 (10th Cir. 1998).

[4] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

### A. *Reasonable Hours*

In order for the applicant to satisfy its burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[5] "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."[6] The Court "is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time."[7]

Plaintiff seeks attorney's fees for 238.3 hours of work performed by plaintiff's counsel, Mr. Steven D. Horak. But defendant takes issue with Mr. Horak's billing records because it appears that these records are not "meticulous, contemporaneous time records."[8] The Court has reviewed Mr. Horak's billing records, and indeed, there are many discrepancies in these records.[9] For example, on June 27, 2005, plaintiff's counsel attributes 0.3 hours to reviewing defendant's

---

[5]*Case*, 157 F.3d at 1250 (citation omitted).

[6]*Robinson*, 160 F.3d at 1280.

[7]*Id.* (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)).

[8]The Court notes that plaintiff did not file a reply to defendant's response, thus leaving uncontested defendant's assertions that Mr. Horak's billing records are inadequate.

[9]Defendant has submitted billing records that plaintiff emailed to defense counsel on May 11, 2007 (Doc. 70, Ex. 1). In that email, plaintiff's counsel states that the May 11 records are incomplete due to a computer crash. Defendant compares the May 11 records to the billing records that plaintiff eventually submitted to the Court in order to show discrepancies in the two documents and to argue that the billing records submitted to the Court are not contemporaneous time records. While the Court notes the various discrepancies between the two sets of time sheets, the Court will not consider the May 11 billing records as evidence that plaintiff's counsel failed to keep contemporaneous time records when his email specifically states that the May 11 records are incomplete. Moreover, such evidence is not needed when there is sufficient evidence of discrepancies in the billing records submitted to the Court that show that plaintiff's counsel did not keep contemporaneous time records.

motion for extension of time and the order, but this purported task does not correspond to the entries on the docket sheet. On June 10, 2005, the Clerk entered an order extending defendant's time to answer or otherwise plead, but there was no motion filed by defendant. There was a motion for extension of time filed by defendant on July 1, 2005, yet this occurred four days after the June 27, 2005 bill for 0.3 hours.

Also, there are several discrepancies regarding the preparation for and the attendance at plaintiff's deposition. The billing records state that on October 29, 2005, plaintiff's counsel spent 5.0 hours on the telephone preparing plaintiff for the deposition. Then, on October 30, 2005, plaintiff's counsel attributes 6.0 hours to attending the deposition of plaintiff. But plaintiff's deposition was not held on this date. Plaintiff's deposition was originally scheduled for November 21, 2005,[10] but it was rescheduled to November 30, 2005 when plaintiff's counsel was unable to attend the initial date.[11] Additionally, the transcript of the deposition shows that it began at 9:16 a.m. and ended at 11:02 a.m.[12] Therefore, the billing entry for 6.0 hours that plaintiff's counsel attributes to attending plaintiff's deposition not only lists the incorrect day, but the time charged is clearly overstated. Then again, on November 27, 2005, plaintiff's counsel charges 5.0 hours for a conference with plaintiff about the deposition, preparing for the deposition, and reviewing discovery responses from defendant. This charge appears to be duplicative of the October 29, 2005 billing entry attributing 5.0 hours to plaintiff's deposition preparation. Defendant also takes issue with the review of discovery responses on November 27,

---

[10](Doc. 17.)

[11](Docs. 18, 19.)

[12](Doc. 70, Ex. 4.)

4

2005.  This entry appears to be duplicative of the October 6, 2005 charge that attributes 4.5 hours to reviewing discovery from defendant, and it does not correspond to the status of the parties' discovery because the responses were served over two months previously, on September 1, 2005.[13]

Defendant also objects to the time that plaintiff's counsel attributes to drafting and reviewing the Pretrial Order.  The billing records show that plaintiff's counsel spent 3.2 hours drafting the Pretrial Order on December 1, 2005, 1.3 hours drafting and revising the Pretrial Order and another 1.3 hours reviewing the Pretrial Order on December 9, 2005, and 0.8 hours drafting and revising the Pretrial Order on December 13, 2005.  Defendant provides an email dated December 12, 2005 showing that defendant drafted the Pretrial Order and emailed a copy to plaintiff's counsel for plaintiff's additions and changes.[14]  Plaintiff's counsel replied by email on December 12, 2005 with his changes; yet, there is no billing entry for these revisions on that date in the time sheets.  Further, the Pretrial Order was due on December 12, 2005,[15] and therefore it is inexplicable why plaintiff's counsel would bill 0.8 hours for drafting and revising the Pretrial Order on December 13, 2005.  This provides additional evidence that the billing records submitted by plaintiff's counsel are neither meticulous nor contemporaneous.

There is another discrepancy in the billing records submitted by plaintiff regarding two entries on March 28, 2007.  The first entry attributes 2.8 hours to drafting a motion in limine; the second entry attributes 2.5 hours to drafting a motion in limine and jury instructions and

---

[13](Doc. 14.)

[14](Doc. 70, Ex. 5.)

[15](Doc. 21.)

reviewing defendant's motion in limine. But plaintiff's motion in limine, that spanned three pages in length including the caption and the certificate of service, was actually filed on March 19, 2007, which again indicates that the time sheets submitted by plaintiff are not contemporaneous time records.

As another example, defendant objects to an entry for 0.5 hours on April 11, 2007, stating that the parties exchanged four emails about fees. Defendant contends that these emails were actually exchanged on May 11 and 12, 2007,[16] thereby indicating another discrepancy in the billing records and showing that these billing records are not contemporaneous time records.

Based on all the foregoing discrepancies in the billing records submitted by plaintiff, the Court agrees with defendant that these are not contemporaneous time records. Therefore, the Court is unable to determine the reasonable hours that plaintiff's counsel spent working on this case because "[r]econstructed records generally do not accurately reflect the actual time spent."[17] When a party fails to submit contemporaneous time records, a district court may totally deny a request for attorney's fees.[18] Nevertheless, the Court determines that plaintiff's counsel is entitled to some fees in this case.[19]

Rather than sifting through the applicant's billing records and identifying each instance of excessive or duplicative hours, a district court may reduce the hours requested by the

---

[16](Doc. 70, Ex. 1).

[17]*Anderson v. Sec'y of Health and Human Servs.*, 80 F.3d 1500, 1506 (10th Cir. 1996) (citing *Ramos v. Lamm*, 713 F.3d 546, 553 n.2 (10th Cir. 1983)).

[18]*Id.* (citing *Carter v. Sedgwick County, Kansas*, 929 F.2d 1501, 1506 (10th Cir. 1991)).

[19]*See Shrout v. Holmes*, No. 00-2069-KHV, 2001 WL 980280, at *3 (D. Kan. Aug. 10, 2001) (awarding attorney's fees even though counsel failed to keep contemporaneous time records but reducing the total hours claimed by two-thirds (citing *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996))).

application so long as the court provides reasons for the general reduction.[20]  As explained above, the Court has located many discrepancies in the billing records submitted by plaintiff's counsel that show that these are not contemporaneous time records.  For these reasons, the Court finds that a general reduction of the claimed hours by one-third is appropriate.[21]  Accordingly, the Court will reduce plaintiff's claimed hours of 238.3 hours by one-third, resulting in a total of 158.9 hours.

### B.    *Reasonable Rates*

Calculating the lodestar also requires the court to examine the hourly rate requested by the plaintiff, which is $250 per hour.  In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[22]  The relevant community is the place where the litigation occurs.[23]  "The first step in setting a rate of compensation for the hours

---

[20]*Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1082–83 (10th Cir. 1998); *see also Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) ("As part of this reasonableness determination, a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'" (quoting *Ramos v. Lamm*, 713 F.3d 546, 553 (10th Cir. 1983))).

[21]*See Sheldon v. Vermonty*, 237 F. Supp. 2d 1270, 1278 (D. Kan. 2002) (reducing applicant's hours by approximately sixty percent when the records were nothing more than an approximation and it was "clear that plaintiff was not keeping detailed, contemporaneous records during this period of time."); *see also United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (upholding the district court's thirty-five percent reduction due to the inadequacy of the applicant's billing records); *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (upholding a thirty-five percent reduction because "[p]laintiff's rather sloppy and imprecise time records failed to document adequately how plaintiff's attorneys utilized large blocks of time."); *Wilder-Davis v. Bd. of County Comm'rs of Johnson County, Kansas*, No. 98-2363-GTV, 2000 WL 1466691, at *4 (D. Kan. Aug. 8, 2000) (reducing the number of hours requested by plaintiff by fifty percent "to account for excessive billing of hours, duplication of efforts, general legal research, insufficiently specific time logs, travel time, and secretarial work."); *Gudenkauf v. Stauffer Commc'ns, Inc.*, 953 F. Supp. 1237, 1244 (D. Kan.1997) ("[R]ather than going through the billing statement and identifying each of the instances of the billing of the excessive hours, the billing for duplicative services, and the billing for background research, the court will reduce the requested hours by thirty percent."), *aff'd*, 158 F.3d 1074, 1082–83 (10th Cir. 1998).

[22]*Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[23]*Jayhawk Investments, L.P. v. JetUSA Airlines, Inc.*, 1999 WL 974027, at *4 (D. Kan. 1999) (citation omitted).

reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[24] In making this determination, if the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate."[25]

In this case, plaintiff has not provided any evidence establishing the prevailing market rate. Instead, plaintiff has submitted an order from the Equal Employment Opportunity Commission in St. Louis granting attorney's fees to plaintiff's counsel at a rate of $250 per hour[26] and an affidavit by Mr. Horak in which he states that he routinely charges his clients $250 per hour for his services.[27] The Equal Employment Opportunity Commission order is insufficient to establish the prevailing market rate because St. Louis is not the relevant community in this case. Also, Mr. Horak's testimony of his own rates does not set forth the prevailing market rate for "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time."[28] The evidence provided by plaintiff is therefore wholly insufficient to establish the prevailing market in the relevant community in this case.

---

[24]*Case*, 157 F.3d at 1256.

[25]*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

[26](Doc. 65, Ex. 3.)

[27](Doc. 65, Ex. 2 at 3.)

[28]*Case*, 157 F.3d at 1256; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

Defendant suggests that a rate of $140 per hour is the more appropriate rate for plaintiff's counsel and cites cases indicating that this rate is within the market range for attorneys in Kansas City, Kansas.[29] This Court has reviewed recent decisions by courts in the District of Kansas and finds that the prevailing market rate in Kansas City for counsel in civil rights actions is between $120 and $250 per hour.[30] Mr. Horak has about sixteen years of experience litigating employment cases. In light of the relevant rates in the community, the Court concludes that $160 is a reasonable hourly rate for an attorney with Mr. Horak's experience with respect to this type of litigation. Therefore, the Court reduces Mr. Horak's request from $250 per hour to $160 per hour.

### C.   *Adjustment of Lodestar*

"The lodestar is the presumptively reasonable fee."[31] But "'[t]he product of reasonable hours times a reasonable rate does not end the inquiry,' however, of determining whether a fee is

---

[29]The Court will accept defendant's contention that the relevant community in this case is Kansas City, Kansas. While the undersigned judge is located in Topeka, Kansas, this action was initially filed in Kansas City, Kansas on March 18, 2005, and was transferred to the undersigned judge on May 26, 2006.

[30]*Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 404 F. Supp. 2d 1281, 1286 (D. Kan. 2005) (finding that $250 per hour was a reasonable rate for an attorney with thirty-six years experience in civil rights and constitutional litigation in federal court and that $180 per hour was a reasonable rate for an attorney who had been admitted to practice twenty-two years earlier and who had litigated civil rights and constitutional law cases for eighteen years); *Bell v. Bd. of County Comm'rs*, No. 03-2148, 2005 WL 361510, at *3 (D. Kan. Feb. 15, 2005) (concluding that $180 per hour was a reasonable rate for a civil rights trial attorney with more than twenty years experience in civil rights litigation and that $160 was a reasonable rate for two attorneys, one with six years of litigation experience and the other who had practiced law for almost eighteen years), *aff'd*, 451 F.3d 1097 (10th Cir. 2006); *Robbins v. Chronister*, No. 97-3489-DJW, 2002 WL 356331, at *13 (D. Kan. Mar. 1, 2002) (reviewing recent decisions and determining that the prevailing market rate in Kansas City for lead counsel in civil rights litigation is between $120 and $225 per hour and then finding that $175 per hour was a reasonable rate for an attorney with nine years experience in civil rights litigation).

[31]*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994).

reasonable."[32] The court may adjust the lodestar downward if necessary.[33] The Tenth Circuit provides:

> In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which she did prevail; and (2) whether the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.[34]

Defendant suggests reducing the lodestar by 20 hours for plaintiff's limited success in prevailing on only one of the claims that was originally asserted. When a civil rights suit involves multiple claims based on "'a common core of facts or . . . related legal theories,'" "it is inappropriate for a district court to evaluate the individual claims as though they are discrete and severable."[35] The Supreme Court has "made it abundantly clear that failure on some interrelated claims is not nearly as important a factor as the 'overall relief' obtained by the plaintiff."[36] "The critical issue, then, is whether the unsuccessful claims were 'related claims' or 'distinct in all respects from successful claims.'"[37]

In this case, plaintiff's claims were based on a common set of facts and related legal theories. Plaintiff asserted three claims under Title VII—hostile work environment, retaliation,

---

[32]*Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 434 (1983)).

[33]*Metz*, 39 F.3d at 1493.

[34]*Id.* (citations omitted).

[35]*Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

[36]*Id.* (citing *Hensley*, 461 U.S. at 435).

[37]*Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1103 (10th Cir. 2005) (citing *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1418 (10th Cir. 1997)).

and disparate treatment. And these three claims involved a common core of facts—the alleged racial harassment that plaintiff suffered while employed by defendant and defendant's response to the alleged racial harassment. While plaintiff's three claims may have involved different proof requirements, the critical inquiry reveals that plaintiff's claims involve a common set of facts and related legal theories.[38] As such, the Court concludes that any further adjustment of the lodestar figure based on plaintiff's limited success is unnecessary.

*D.     Expenses*

In addition to attorney's fees, the Court may, in its discretion, award reasonable expenses to the prevailing party. The Tenth Circuit provides:

> Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount. . . . Some expenses are included in the concept of attorney's fees, as incidental and necessary expenses.[39]

The attorney requesting expenses "bears the burden of establishing the amount of compensable expenses to which [he is] entitled."[40]

Plaintiff seeks expenses in the amount of $250.00 for the filing fee, $60.00 for the service of process fee, $223.00 for the costs of plaintiff's deposition, and $123.12 for copies, for a total of $656.12. "These expenses are considered 'costs' which are taxed by the clerk against the

---

[38]*See Theno v. Tonganoxie Unified Sch. Dist.*, 202 F. Supp. 2d 1281, 1289 (D. Kan. 2005) (finding that plaintiff's unsuccessful equal protection, due process, and negligent supervision claims were related and intertwined with his Title IX claim through a common core of facts and related legal theories because each of the claims "involved the adequacy of the school district's response to harassment of plaintiff").

[39]*Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir. 1983) (overruled on other grounds) (quotations omitted).

[40]*Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir. 1998) (citing *Mares v. Credit Bureau of Raton*, 801 F.3d 1197, 1208 (10th Cir. 1986)).

losing party."[41]  Fed. R. Civ. P. 54(d)(1) provides that costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs.  Under the local rule, a party entitled to recover costs shall file a bill of costs within 30 days after the expiration of time allowed for appeal or after receipt by the Clerk of an order terminating the action on appeal.[42]  This action is currently on appeal, and plaintiff has not yet filed a bill of costs with the Clerk.  Therefore, the Court will not assess costs at this time.[43]  Should plaintiff prevail on appeal, plaintiff may file a bill of costs with the Clerk for the claimed expenses.[44]

### III.   Conclusion

Based on the foregoing analysis, the Court awards the plaintiff the following attorney's fees and expenses as reasonably expended in this litigation:

| | | |
|---|---|---|
| Attorney's Fees | 158.9 hours @ $160/hour | $25,424.00 |
| Expenses | | $0 |
| | | _____ |

---

[41] *Jackson v. Austin*, 267 F. Supp. 2d 1059, 1069 (D. Kan. 2003) (citing 28 U.S.C. § 1920).

[42] D. Kan. R. 54.1(a).

[43] *See, e.g., Jackson*, 267 F. Supp. 2d at 1070 (deferring a determination of costs until a bill of costs is filed by the prevailing party); *Aquilino v. Univ. of Kansas*, 109 F. Supp. 2d 1319, 1328 (D. Kan. 2000) (allowing plaintiff, if she prevails on appeal, to file a bill of costs with the Clerk for copying, filing fee, and deposition expenses).

[44] Defendant objects to the service of process fee because plaintiff did not attempt to avoid this fee by effecting service through the mail as permitted by Fed. R. Civ. P. 4(d).  The Court, however, finds the service of process fee to be a taxable cost should plaintiff prevail on appeal.  In taxing the costs of an action under 28 U.S.C. § 1920, this Court has allowed costs for private service of process under the "widely accepted reasoning that Congress intended to allow costs for private service of process."  *Ortega v. IBP, Inc.*, 883 F. Supp. 558, 561 (D. Kan. 1995) (citing *Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499 (D. Kan. 1994)).
   Defendant also objects to the service of process fee and the cost for plaintiff's deposition because plaintiff did not file documentation to support these claims.  The Court notes this shortcoming and cautions plaintiff that such documentation is required when submitting a bill of costs.  *See* Bill of Costs (AO-133), *available at* http://www.ksd.uscourts.gov/forms/index.php (requiring applicant to attach an itemization and documentation for requested costs in all categories).

Total                                                                                              $25,424.00

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is entitled to reasonable attorney's fees of $25,424.00.

**IT IS SO ORDERED**.

Dated this 25th day of July 2007.

                                               S/ Julie A. Robinson

                                               Julie A. Robinson
                                               United States District Judge

Memorandum & Order, *Smith v. Century Concrete, Inc.*, No. 05-2105-JAR